FILED

2017 Mar-29  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRCIT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| LYNN JACKSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | JURY DEMAND |
| HONDA MANUFACTURING OF | ) | |
| ALABAMA, LLC AND QUINTON | ) | |
| COOLEY, INDIVIDUALLY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

### I.  JURISDICTION

1.     This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is brought within the State where the unlawful employment practices were committed, making venue proper.

### II.  PARTIES

2.     Plaintiff, Lynn Jackson, ("Plaintiff") is a citizen of the United States and a resident of Escambia County, Florida.

3.     Defendant, Honda Manufacturing of Alabama, LLC ("Defendant Honda") is an employer within the meaning of Title VII of the Civil Rights Act of

1964, as amended.  Defendant, Quinton Cooley ("Defendant Cooley"), is an adult over the age of nineteen and during the time Plaintiff worked at Defendant Honda's facility, Defendant Cooley was Team Manager.

4.     At all times relevant to this Complaint, Defendant Honda has maintained and operated a business in Alabama. Defendant Honda is engaged in an industry affecting interstate commerce. Defendant Honda has employed fifteen (15) or more employees. Defendant Honda was and is an employer within the meaning of Title VII. Plaintiff was an employee of Defendant Honda within the meaning of Title VII.

### III.  ADMINISTRATIVE PREREQUISITES

5.     Plaintiff hereby adopts and re-alleges paragraphs one (1) through four (4) above as if set forth herein.

6.     On May 27, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") charging Defendant Honda with discriminating against Plaintiff on the basis of sex, and retaliating against Plaintiff. Plaintiff filed her charge with the EEOC within 180 days of the last discriminatory act of which Plaintiff complains.  (Exhibit A)

7.     Plaintiff is informed and believes that the EEOC sent a notice of the Charge to Defendant Honda and that Defendant Honda received the notice.

8.     EEOC mailed Plaintiff a Dismissal and Notice of Rights letter on

December 29, 2016.  (Exhibit B)

9.     Plaintiff has filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights.

10.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  FACTUAL ALLEGATIONS

11.    Plaintiff hereby adopts and re-alleges paragraphs one (1) through ten (10) above as if set forth herein.

12.    Defendant hired Plaintiff as a Process Associate on or about September 13, 2012 through Elwood Staffing.

13.    In or around December 2014, Plaintiff was subjected to unwanted and unwelcomed sexual advances and a hostile work environment on a continuing basis by Defendant Quinton Cooley, Defendant Honda's Team Manager.

14.    Defendant Cooley provided Plaintiff with a favorable performance evaluation, which Plaintiff deserved. This good led to Plaintiff receiving an interview to become a permanent employee of Defendant Honda.

15.    When Defendant Cooley provided Plaintiff with the evaluation he said, "you owe me." Plaintiff asked him what she owed him for and Defendant Cooley stated, "cause I gave you a good evaluation and you can get hired permanent." Defendant Cooley then stated, "we can go to Georgia, I don't leave

no paper trail, we can go to Georgia and use cash for everything and no one will know." Defendant Cooley was asking Plaintiff for sexual favors. Plaintiff replied, "you are married, I'm not interested in that." Defendant Cooley replied, "well you want to get hired permanent don't you?" Plaintiff then stated, "I do my job like I am supposed to and get good reviews. I don't need to go with you to get hired." Defendant Cooley's response was, "well I can also make it where you won't get hired."

16.     After Defendant submitted the evaluation, Plaintiff received an application from Defendant Honda to become a permanent employee.

17.     Defendant Cooley's sexual advances included but were not limited to the following:

       a.    Asking Plaintiff to meet him off the job so that Plaintiff could "repay" him for getting Plaintiff hired.

       b.    Walking up behind Plaintiff stating, "mmm I like watching you from behind."

18.     Defendant Cooley would continually walk up behind Plaintiff and rub his body against her and tell Plaintiff how it made him feel.

19.     Defendant Cooley would come behind Plaintiff and stand within two inches of her body while Plaintiff worked.

20.     Plaintiff rejected Defendant Cooley's advances; however, he did not

stop sexually harassing Plaintiff.

21.     In or around December 2014, Plaintiff complained to Brett Kuchinski, Onsite Manager for Elwood Staffing, and Robin Webb, Elwood Staffing about Defendant Cooley's sexual harassment.

22.     Nothing was done after Plaintiff's complaints of sexual harassment by Defendant Cooley.

23.     In or around August or September 2015, Plaintiff called Defendant Honda's compliance line and complained about Defendant Cooley's sexual harassment.

24.     Plaintiff told Defendant Honda that she could no longer tolerate Defendant Cooley's sexual harassment and that Defendant's Cooley's sexually harassing behavior was making her ill.

25.     Subsequent to Plaintiff's complaint to Defendant Honda, Defendant Cooley began yelling at Plaintiff on a regular basis in the presence of Plaintiff's coworkers.

26.     Shortly after making complaints of sexual harassment to Defendant Honda's Compliance Line, Plaintiff was out on medical leave when she received a telephone call from a coworker, Chaka Dandridge that she also filed a sexual harassment complaint against Defendant Cooley with Defendant Honda.  Also, Takeisha Swain received unwelcomed sexual advances from Defendant Cooley.

27. Cynthia Jackson, Plaintiff's coworker complained to Plaintiff that she received sexually explicit comments from Defendant Cooley and was afraid to complain, as she wanted to be hired permanently by Defendant Honda.

28. In or around November 2015, Defendant Cooley continued to stand within two inches of Plaintiff's body while Plaintiff worked.

29. Also in or around November 2015, Defendant Cooley gave Plaintiff an unfavorable performance evaluation in retaliation for her complaints of sexual harassment in an effort to have Plaintiff terminated.

30. After this unfavorable evaluation and Plaintiff's complaints of sexual harassment, Defendant Honda rescinded its offer to allow Plaintiff to obtain permanent employment, which was scheduled to begin in February 2016.

31. Plaintiff was notified of the rescinded offer on the day she was to be interviewed.

32. Plaintiff was never informed of the result of Defendant Honda's investigation into her complaints of sexual harassment.

33. In or around January 2016, Plaintiff called Brett Kuchinski and inquired about the results of Defendant Honda's investigation into her complaints of sexual harassment.

34. Plaintiff was informed that Defendant Honda found no evidence of sexual harassment.

35.     Plaintiff later learned that Defendant Honda's Human Resources disclosed information about Plaintiff's sexual harassment complaint to Plaintiff's coworkers, which created a hostile work environment.

36.     Plaintiff's coworkers talked about Plaintiff and did not want to work with her.

37.     On or about February 1, 2016, Plaintiff was disciplined and terminated by Tenniel Beiten, Elwood Staffing's Onsite Supervisor.

38.     Plaintiff was falsely accused of taking pictures.

39.     Plaintiff took a picture of a note she left for Robin Webb, Elwood Staffing Onsite Supervisor inquiring about work hours that Plaintiff had not been paid for in December 2015 and January 2016.

40.     Plaintiff was never paid for three hours that she worked on January 21, 2016.

41.     Upon filing for unemployment benefits, Plaintiff learned that Elwood Staffing stated Plaintiff had been discharged for insubordination when refusing to sign a written warning.

42.     After Plaintiff's termination, she also learned of Defendant Honda engaging into an investigation of Defendant Cooley and coworker Jokeitha Forman being involved in a possible prostitution ring at Defendant Honda's facility.

43.     Defendant Cooley was terminated on or about June 27, 2016.

## V.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

### STATEMENT OF PLAINTIFF'S SEXUAL HARASSMENT AND HOSTILE ENVIRONMENT CLAIMS

44.     Plaintiff adopts and re-alleges paragraphs one (1) through forty-three (43) above as if fully set forth herein.

45.     Defendant hired Plaintiff as a Process Associate on or about September 13, 2012 through Elwood Staffing.

46.     In or around December 2014, Plaintiff was subjected to unwanted and unwelcomed sexual advances and a hostile work environment on a continuing basis by Defendant Quinton Cooley, Defendant Honda's Team Manager.

47.     Defendant Cooley provided Plaintiff with a favorable performance evaluation, which led to Plaintiff receiving an interview to become a permanent employee of Defendant Honda.

48.     When Defendant Cooley provided Plaintiff with the evaluation he said, "you owe me." Plaintiff asked him what she owed him for and Defendant Cooley stated, "cause I gave you a good evaluation and you can get hired permanent." Defendant Cooley then stated, "we can go to George, I don't leave no paper trail, we can go to Georgia and use cash for everything and no one will know." Plaintiff replied, "you are married, I'm not interested in that." Defendant

Cooley replied, "well you want to get hired permanent don't you?"  Plaintiff then stated, "I do my job like I am supposed to and get good reviews.  I don't need to go with you to get hired."  Defendant Cooley's response was, "well I can also make it where you won't get hired."

49.    After Defendant submitted the evaluation, Plaintiff received an application from Defendant Honda to become a permanent employee.

50.    Defendant Cooley's sexual advances included but were not limited to the following:

      a.    Asking Plaintiff to meet him off the job so that Plaintiff could "repay" him for getting Plaintiff hired.

      b.    Walking up behind Plaintiff stating, "mmm I like watching you from behind."

51.    Defendant Cooley would continually walk up behind Plaintiff and rub his body against her and tell Plaintiff how it made him feel.

52.    Defendant Cooley would come behind Plaintiff and stand within two inches of her body while Plaintiff worked.

53.    Plaintiff rejected Defendant Cooley's advances; however, he did not stop sexually harassing Plaintiff.

54.    In or around December 2014, Plaintiff complained to Brett Kuchinski, Onsite Manager for Elwood Staffing, and Robin Webb, Elwood Staffing about

Defendant Cooley's sexual harassment.

55.    Nothing was done after Plaintiff's complaints of sexual harassment by Defendant Cooley.

56.    In or around August or September 2015, Plaintiff called Defendant Honda's compliance line and complained about Defendant Cooley's sexual harassment.

57.    Plaintiff told Defendant Honda that she could no longer tolerate Defendant Cooley's sexual harassment and that Defendant's Cooley's sexually harassing behavior was making her ill.

58.    Subsequent to Plaintiff's complaint to Defendant Honda, Defendant Cooley began yelling at Plaintiff on a regular basis in the presence of Plaintiff's coworkers.

59.    Shortly after making complaints of sexual harassment to Defendant Honda's Compliance Line, Plaintiff was out on medical leave when she received a telephone call from a coworker, Chaka Dandridge that she also filed a sexual harassment complaint against Defendant Cooley with Defendant Honda.   Also, Takeisha Swain received unwelcomed sexual advances from Defendant Cooley.

60.    Cynthia Jackson, Plaintiff's coworker complained to Plaintiff that she received sexually explicit comments from Defendant Cooley and was afraid to complain, as she wanted to be hired permanently by Defendant Honda.

61.    In or around November 2015, Defendant Cooley continued to stand within two inches of Plaintiff's body while Plaintiff worked.

62.    Also in or around November 2015, Defendant Cooley gave Plaintiff an unfavorable performance evaluation in retaliation for her complaints of sexual harassment in an effort to have Plaintiff terminated.

63.    After this unfavorable evaluation and Plaintiff's complaints of sexual harassment, Defendant Honda rescinded its offer to allow Plaintiff to obtain permanent employment, which was scheduled to begin in February 2016.

64.    Plaintiff was notified of the rescinded offer on the day she was to be interviewed.

65.    Plaintiff was never informed of the result of Defendant Honda's investigation into her complaints of sexual harassment.

66.    In or around January 2016, Plaintiff called Brett Kuchinski and inquired about the results of Defendant Honda's investigation into her complaints of sexual harassment.

67.    Plaintiff was informed that Defendant Honda found no evidence of sexual harassment.

68.    Plaintiff later learned that Defendant Honda's Human Resources disclosed information about Plaintiff's sexual harassment complaint to Plaintiff's coworkers, which created a hostile work environment.

69.     Plaintiff's coworkers talked about Plaintiff and did not want to work with her.

70.     On or about February 1, 2016, Plaintiff was disciplined and terminated by Tenniel Beiten, Elwood Staffing's Onsite Supervisor.

71.     Plaintiff was falsely accused of taking pictures.

72.     Plaintiff took a picture of a note she left for Robin Webb, Elwood Staffing Onsite Supervisor inquiring about work hours that Plaintiff had not been paid for in December 2015 and January 2016.

73.     Plaintiff was never paid for three hours that she worked on January 21, 2016.

74.     Upon filing for unemployment benefits, Plaintiff learned that Elwood Staffing stated Plaintiff had been discharged for insubordination when refusing to sign a written warning.

75.     After Plaintiff's termination, she also learned of Defendant Honda engaging into an investigation of Defendant Cooley and coworker Jokeitha Forman being involved in a possible prostitution ring at Defendant Honda's facility.

76.     Defendant Cooley was terminated on or about June 27, 2016.

77.     Based on the facts set forth herein, while Plaintiff was employed by Defendant, she was harassed because of her gender, forced to endure a sexually hostile environment, and unjustly reprimanded because of her gender.

78.     In taking the above-described actions, Defendant Honda intentionally discriminated against Plaintiff on the basis of her gender, in violation of Title VII. Specifically, Defendant condones and tolerates sexual harassment. Defendant's actions created, nurtured, tolerated, condoned, or otherwise permitted a sexually hostile environment in violation of Title VII.

79.     The actions of Defendant Honda, through its agents, were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

80.     Plaintiff has been discriminated against by Defendant Honda in the terms, conditions and privileges of her employment through the creation and toleration of a sexually charged and hostile work environment.

81.     The Plaintiff has been subject to a sexually hostile work environment which has been authorized, ratified, encouraged and condoned by Defendant Honda. This sexually hostile environment includes, but is not limited to, gender slurs, sexual comments, sexual harassment, gender stereotypes, and other disparate treatment by which women are treated as inferior, as set out in detail above.

82.     The sexually hostile environment changed, and continues to change, the terms and conditions of the employment of the Plaintiff.

83.     Supervisors and/or management officials at Defendant Honda participated in, were aware of, encouraged, and/or condoned the sexually hostile work environment.

84.     Defendant Honda failed to train its employees on its purported antidiscrimination and harassment policy and reporting procedures.

85.     The dissemination of any anti-discrimination policy and reporting procedures has been ineffective.

86.     The Plaintiff has been directly affected by the sexually discriminatory and harassing practices described in this Complaint.

87.     The Plaintiff made good faith complaints in opposition to the sexual discrimination and sexual harassment to which she was subjected.

88.     The conduct of the Defendant Honda was so severe or pervasive as to create a sexually hostile working environment for the Plaintiffs.

89.     Defendant Honda knew, or should have known, of the sexual harassment, sexual discrimination, and retaliation of the Plaintiff.

90.     Defendant Honda failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the sexual harassment, sexual discrimination and/or retaliation of the Plaintiff.

91.     The actions of Defendant Honda, as set out herein, violate Title VII.

92.     Female employees are subjected to harassing and discriminatory terms and conditions of employment and Defendant Honda has a habit and/or practice of harassing female employees and discriminating against women and/or allowing or condoning the sexual harassment of female employees and hostile work

environment.

93.     As a result of the actions of Defendant Honda in violation of Title VII, the Plaintiff has been and continue to be injured, suffering distress, humiliation, loss of prestige, mental anguish, emotional pain and suffering and monetary and economic losses. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is only means of securing adequate relief.

94.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant Honda's unlawful polices and practices set forth herein unless enjoined by this Court.

95.     The Plaintiff has satisfied all administrative perquisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Civil Rights Act of 1964, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendants, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at the Defendant's request from violating the Civil Rights Act of 1964, as amended;

c.      Grant Plaintiff an Order requiring the Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interests, attorney fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO
## PLAINTIFF'S CLAIMS OF RETALAITION

96.    Plaintiff adopts and re-alleges paragraphs one (1) through ninety-five (95) above as if fully set forth herein.

97.    Plaintiff complained to Defendant Honda that Defendant Cooley was sexually harassing her in the workplace.

98.    After Plaintiff complained to Defendant Honda of Defendant Cooley's sexually harassing her, she began to be yelled at by Defendant Cooley and given an unfavorable evaluation.

99. Plaintiff was unjustly written up and terminated.

100. Elwood Staffing told Plaintiff she was being terminated because she was taking pictures with her phone of the facility, but this was not true.

101. Plaintiff took a picture of a note she left for Robin Webb, Elwood Staffing Onsite Supervisor inquiring about work hours that Plaintiff had not been paid for in December 2015 and January 2016.

102. These disciplinary actions would dissuade a reasonable person from engaging in protected activity.

103. Defendants Honda and Cooley retaliated against Plaintiff for complaining of sexual harassment.

104. Plaintiff engaged in protected activity and, as a direct result of Plaintiff's complaints, Plaintiff was subjected to retaliatory acts and adverse actions, including, but not limited to, Plaintiff's was denied full time employment, Plaintiff was written up, Plaintiff was unjustly disciplined, Plaintiff was harassed and Plaintiff was terminated. There is a causal link between Plaintiff engaging in protected activity and the adverse actions she suffered.

105. Defendant retaliated against Plaintiff in violation of the Civil Rights Act of 1964, as amended.

106. Plaintiff has suffered damage as a result of the retaliation described above.

107.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue suffer irreparable injury from Defendants' unlawful polices and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.   Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Civil Rights Act of 1964, as amended;

b.   Grant Plaintiff a permanent injunction enjoining Defendants, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at the Defendants' request from violating the Civil Rights Act of 1964, as amended;

c.   Grant Plaintiff an Order requiring the Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interests, attorney fees, expenses, costs; and

d.     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

## ASSAULT AND BATTERY AGAINST DEFENDANT HONDA AND DEFENDANT QUINTON COOLEY

108.   Plaintiff adopts and realleges the allegations of paragraph one (1) through one hundred seven (107) as if fully set forth herein.

109.   Defendants Honda and Cooley subjected Plaintiff to the threat of offensive and unwanted touching.

110.   Defendants Honda and Cooley subjected Plaintiff to offensive and unwanted touching.

111.   Defendants' conduct offended and embarrassed Plaintiff.

112.   Defendant Cooley's actions toward Plaintiff were taken while he was acting in his role as Plaintiff's supervisor.

113.   Defendant Honda ratified and permitted Defendant Cooley's conduct.

114.   Defendant Honda is liable for the conduct of Defendant Cooley.

115.   Defendants injured Plaintiff.

116.   Plaintiff's claims based on the statutory and common law of the State of Alabama arise out of the same facts and incidents, which are set forth herein and are the subject of the Plaintiff's claims based upon Federal Law and are within the

pendent jurisdiction of this Court.

117. Defendants engaged in a pattern and/or habit of conduct that constituted assault and battery.

118. As a consequence of the actions of Defendants, Plaintiff experienced physical injury, pain and suffering, mental anguish and other damages.

119. By reason of each and every act of Defendants, Plaintiff was subjected to assault and battery, causing irreparable damage to Plaintiff by causing Plaintiff to suffer physical distress and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Defendants Honda and Cooley for an award of compensatory and punitive damages as deemed just by a struck jury, plus court costs, interest, attorney fees, and any and all relief to which she may be entitled.

## COUNT FOUR

## INVASION OF PRIVACY CLAIMS AGAINST DEFENDANT HONDA AND DEFENDANT QUINTON COOLEY

120. Plaintiff adopts and realleges the allegations of paragraph one (1) through one hundred nineteen (119) as if fully set forth herein.

121. Defendants Cooley and Honda invaded Plaintiff's privacy by

subjecting her to offensive and unwanted sexual overtures and making inquiries into her sex life.

122.   Defendants' conduct offended and embarrassed Plaintiff.

123.   Defendant Cooley's actions toward Plaintiff were taken while he was acting in his role as Plaintiff's supervisor.

124.   Defendant Honda ratified and permitted Defendant Cooley's conduct.

125.   Defendant Honda is liable for the conduct of Defendant Cooley.

126.   Defendants injured Plaintiff.

127.   Plaintiff's claims based on the statutory and common law of the State of Alabama arise out of the same facts and incidents, which are set forth herein and are the subject of the Plaintiff's claims based upon Federal Law and are within the pendent jurisdiction of this Court.

128.   Defendants engaged in a pattern and/or habit of conduct that constituted sexual harassment and created a hostile environment and invaded the privacy of the Plaintiff.

129.   As a consequence of the actions of Defendants, causing Plaintiff's privacy to be invaded, Plaintiff has suffered mental anguish and physical injury.

130.   Defendant Cooley, male employee of Defendant Honda, made statements to and undertook actions toward Plaintiff of a sexual, intimate and personal nature that were objectionable and intrusive. The conduct toward Plaintiff

was continuous, crude, offensive, intrusive, objectionable, prying and constituted an objectionable intrusion into Plaintiff's private affairs or concerns.

131.   The actions of Defendants constitute a wrongful intrusion upon the solitude and/or seclusion of Plaintiff in such a manner as to outrage and/or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

132.   By reason of each and every act of Defendants, Plaintiff was subjected to invasion of privacy, causing irreparable damage to Plaintiff by causing Plaintiff to suffer physical distress and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Defendants Honda and Cooley for an award of compensatory and punitive damages as deemed just by a struck jury, plus court costs, interest, attorney fees, and any and all relief to which she may be entitled.

## COUNT FIVE

### NEGLIGENT HIRING, SUPERVISION, TRAINING & NEGLIGENT RETENTION CLAIMS

133.   Plaintiff adopts and realleges the allegations of paragraphs one (1) through one hundred thirty-two (132) as if fully set forth herein.

134.   Defendant Honda had a duty to provide a reasonably safe, non-hostile and non-discriminatory work environment to its employees, including Plaintiff.

135.   Defendant Honda knew, or should have known, of the conduct of Defendant Cooley.

136.   Defendant Honda negligently supervised, trained and/or retained Defendant Cooley.

137.   Defendant Honda maliciously, deliberately, wantonly and/or negligently retained employees who engaged in tortious and/or illegal conduct, including, but not limited to, Defendant Cooley.

138.   Defendant Honda failed to protect employees, such as Plaintiff, from the tortious treatment described in this Complaint.

139.   As a result of the inaction by Defendant Honda, Plaintiff was injured.

140.   Plaintiff's claims based on statutory and common law of the State of Alabama arise out of the same facts and incidents, which are set forth herein and are the subject of the Plaintiff's claims based upon Federal Law and are within the pendent jurisdiction of this Court.

141.   Defendant Honda negligently hired, trained, supervised and retained male employee who subjected Plaintiff to sexual harassment, a sexually hostile environment, invasion of privacy, and outrage.  As a result of such, Plaintiff was caused to be sexually harassed, forced to endure a hostile environment, have her privacy invaded and to suffer outrage, mental anguish, shame, embarrassment and humiliation.

142.   Defendant Honda knew, or clearly should have known, of the male employee's unfitness for his position and the feasibility of his continuance to sexually harass Plaintiff and invade Plaintiff's privacy.  Defendant Honda failed to take steps to prevent male employees from sexually harassing the Plaintiff. Defendant Honda ratified, authorized and/or condoned the actions of its male employee who sexually harassed the Plaintiff and subjected her to a hostile environment.

143.   Plaintiff avers that Defendant Honda is guilty of the negligent hiring, training, supervision and negligent retention of male employees.  As a result of the illegal conduct of Defendant, Plaintiff has suffered financially, physically and emotionally.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Defendants Honda and Cooley for an award of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorney fees, and any and all relief to which she may be entitled.

## COUNT SIX

## TORT OF OUTRAGE CLAIMS AGAINST DEFENDANTS HONDA AND QUINTON COOLEY

144.   Plaintiff adopts and realleges the allegations of paragraphs one (1)

through seventy-six (143) as if fully set forth herein.

145.    Defendants Honda and Cooley acted intentionally to inflict emotion distress on Plaintiff.

146.    Defendant Cooley's actions toward Plaintiff were taken while he was acting in his role as Plaintiff's supervisor.

147.    Defendant Honda ratified and permitted Defendant Cooley's conduct.

148.    Defendant Honda is liable for the conduct of Defendant Cooley.

149.    Defendants injured Plaintiff.

150.    This claim is brought against Defendants Honda and Cooley for engaging in such outrageous conduct.

151.    Defendants outrageously and intentionally inflicted emotional distress upon Plaintiff by allowing and continuing to allow Plaintiff to be repeatedly subjected to sexually abusive, harmful, and hurtful comments, offensive sexual comments, unwelcome sexual advances, while Plaintiff attempted to carry out her job duties.

152.    Defendants ratified and/or condoned the actions of its male employees, which amounted to the tort of outrage. Defendant Honda's male employee Cooley engaged in sexually offensive conduct, assault and battery, which amounted to the tort of outrage.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Defendants Honda and Cooley for an award of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorney fees, and any and all relief to which she may be entitled.

### PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY

CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
215 North Richard Arrington, Jr. Blvd.
Suite 200
Birmingham, Alabama 35203
Tel: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS:**

Ms. Lynn Jackson
c/o WILKINSON LAW FIRM, PC
215 North Richard Arrington Jr. Blvd.
Suite 200
Birmingham, Alabama 35203

## **PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESSES:**

Honda Manufacturing of Alabama, LLC
c/o B. Clark Carpenter, Jr.
212 W North Street
Talladega, AL 35160

Quinton Cooley
9781 Old Highway 431
Wedowee, AL 36278

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 120-2016-02363 |

State or local Agency, if any

and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Lynn Jackson** | ▇▇▇▇▇ | ▇▇▇▇ |
| Street Address                                    City, State and ZIP Code | | |
| ▇▇▇▇▇▇▇▇ | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Honda Manufacturing of Alabama** | **500 or More** | **(205) 355-5122** |
| Street Address                           City, State and ZIP Code | | |
| **1800 Honda Drive, Lincoln, AL 35096** | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |
| Street Address                           City, State and ZIP Code | | |
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **12-09-2013** | **02-01-2016** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a Black female. On September 13, 2012, I was employed through Elwood Staffing  to work at Honda Manufacturing of Lincoln Alabama. My position was process associate.   Since December 2014, I was subjected to unwanted and unwelcomed sexual advances and a hostile work environment on a continuing basis by Quinton Cooley, Honda Team Manager. Mr. Cooley's sexual advances included but were not limited to asking me to meet him off the job so that I could repay him for getting me hired. Mr. Cooley would continually walk up behind me and rub his body against mine and tell me how it made him feel.  He would come behind me and stand within two inches of my body while I was working.  Although I rejected his sexual advances he did not stop.

During December 2014, I complained to Brett (last name unknown) onsite manager for Elwood staffing, and Robin Webb with Elwood Staffing about Ms. Cooley's sexual harassment. Nothing was done.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| x 27 May 2016      x (signature)<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)   MAY 27 2016 |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |
| | | and EEOC |

*State or local Agency, if any*

During August/ September 2015, I called Honda's compliance line and complained about Mr. Cooley's sexual harassment upon being no longer able to tolerate his sexual harassment which was making me ill.

Subsequent to my complaint Mr. Cooley started yelling at me on a regular basis in the presence of my coworkers. In November 2015, Mr. Cooley continued to stand within 2 inches of my body while I was working. During November 2015, Mr. Colley gave me an unfavorable performance evaluation in retaliation in an effort to have me discharged.

I was never informed of the result of the employer's investigation into my sexual harassment complaint until I called Brett in January 2016, and inquired about the results of their investigation. I was informed that they found no evidence that I had been sexually harassed.

Honda's HR disclosed information about my sexual harassment complaint to my co-workers which created a hostile work environment. My coworkers talked about me and did not want to work with me.

On February, 1 2016, I was disciplined and discharged upon Tenniel Beiten, Elwood Staffing onsite supervisor falsely accusing me of taking pictures of a note that I left for Robin Webb, Elwood Staffing on site supervisor inquiring about work hours that I had not been paid for in December 2015 and January 2016. I was never paid for three hours that I worked on January 21, 2016. Upon filing for my unemployment benefits, I learned that Elwood Staffing stated that I had been discharged for insubordination when refusing to sign the written warning.

I believe I have been discriminated against because of my sex and in retaliation in violation of Title VII of the Civil Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| x _____   _____<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# EXHIBIT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Lynn M. Jackson | From: | **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street**<br>**Birmingham, AL 35205** |
|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-02363 | **MICHAEL G. ALBERT,**<br>**Investigator** | **(205) 212-2111** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*      No Employer/Employee Relationship

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

DEC 2 9 2016

Enclosures(s)

Delner Franklin-Thomas,
**District Director**

*(Date Mailed)*

cc:   **HONDA MANUFACTURING OF ALABAMA**
**Lisa K. Atkins**
**OGLETREE DEAKINS**
**420 20th Street North**
**Suite 1900**
**Birmingham, AL 35203**