FILED
2018 Dec-20  PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRCIT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **LYNN JACKSON AND** | ) | |
| **ROCCO J. LEO,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **1:17-cv-00494-** ACA |
| | ) | |
| | ) | **JURY DEMAND** |
| **HONDA MANUFACTURING OF** | ) | |
| **ALABAMA, LLC, ELWOOD** | ) | |
| **STAFFING,  AND QUINTON** | ) | |
| **COOLEY, INDIVIDUALLY,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## SECOND AMENDED AND RESTATED COMPLAINT

### I.  JURISDICTION

1.     This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is brought within the State where the unlawful employment practices were committed, making venue proper.

### II.  PARTIES

2.     Plaintiff, Lynn Jackson, ("Plaintiff") is a citizen of the United States and a resident of Escambia County, Florida.

2.     Plaintiff, Rocco J. Leo ("Plaintiff Leo") is the Chapter 7 Bankruptcy Trustee for the Estate of Lynn Jackson in the U.S. District Court for the Northern District of Alabama, Eastern Division.  Plaintiff Max C. Pope ("Plaintiff Pope") is the Chapter 7 Bankruptcy Trustee for the Estate of Lynn Jackson in the U.S. District Court for the Northern District of Alabama, Eastern Division.

3.     Defendant, Honda Manufacturing of Alabama, LLC ("Defendant Honda"), is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.   Defendant, Elwood Staffing, ("Defendant Elwood"), is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

4.     Defendant, Quinton Cooley ("Defendant Cooley"), is an adult over the age of nineteen and during the time Plaintiff worked at Defendant Honda's facility, Defendant Cooley was Team Manager.

5.     At all times relevant to this Complaint, Defendant Honda and Defendant Elwood have maintained and operated a business in Alabama. Defendant Honda and Defendant Elwood are engaged in an industry affecting interstate commerce. Defendant Honda and Defendant Elwood each have employed fifteen (15) or more employees. Defendant Honda and Defendant Elwood were and is are employers within the meaning of Title VII. Plaintiff was a joint employee of Defendant Honda and Defendant Elwood within the meaning of

Title VII.

## III.  ADMINISTRATIVE PREREQUISITES

6.     Plaintiff hereby adopts and re-alleges paragraphs one (1) through five (5) above as if set forth herein.

7.     On May 27, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") charging Defendant Honda with discriminating against Plaintiff on the basis of sex, sexually harassment, and retaliating against Plaintiff. Plaintiff filed her charge with the EEOC within 180 days of the last discriminatory act of which Plaintiff complains.  (Exhibit A).

8.     Plaintiff is informed and believes that the EEOC sent a notice of the Charge to Defendant Honda and that Defendant Honda received the notice.

9.     EEOC mailed Plaintiff a Dismissal and Notice of Rights letter on December 29, 2016.  (Exhibit B).

10.    Plaintiff has filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights related to her charge against Defendant Honda.

11.     On March 21, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") charging Defendant Elwood with discriminating against Plaintiff on the basis of sex and retaliating against Plaintiff. Plaintiff filed her charge with the EEOC within 180 days of the last discriminatory act of which Plaintiff complains.  (Exhibit C).

12.     Plaintiff is informed and believes that the EEOC sent a notice of the Charge to Defendant Elwood and that Defendant Elwood received the notice.

13.     EEOC mailed Plaintiff a Notice of Right to Sue on May 8, 2017. (Exhibit D).

14.     All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  FACTUAL ALLEGATIONS

15.     Plaintiff hereby adopts and re-alleges paragraphs one (1) through fourteen (14) above as if set forth herein.

16.     Defendant Elwood hired Plaintiff to work as a Process Associate for Defendant Honda on or about September 13, 2012.

17.     Defendant Elwood is an agency, which operates a location on Honda property at its Lincoln, Alabama plant.

18.     At all times relevant to this Amended and Restated Complaint, Plaintiff was a joint employee of Defendants Honda and Elwood.  Plaintiff worked on a temporary and non-permanent basis for Honda via Elwood.

19.     The services Plaintiff provided as a Process Associate occurred at Honda's Lincoln plant.

20.     Plaintiff was directly supervised by employees of Defendant Honda.

21.     Employees of Defendant Honda had the authority to evaluate

Plaintiff's performance.

22.    Employees of Defendant Honda had the authority to discipline Plaintiff.

23.    Plaintiff used the materials, tools, equipment and machines owned or under the control of defendant Honda to perform her job duties.

24.    On or around December 2014, Plaintiff was subjected to unwanted and unwelcomed sexual advances and a hostile work environment on a continuing basis by Defendant Quinton Cooley, Defendant Honda's Team Manager, who worked at Defendant Honda's Lincoln, Alabama location with the Plaintiff.

25.    Defendant Cooley provided Plaintiff with a favorable performance evaluation, which Plaintiff deserved.

26.    This good evaluation led to Plaintiff receiving an interview to become a permanent employee of Defendant Honda.

27.    When Defendant Cooley provided Plaintiff with the good performance evaluation he said, "You owe me."  Plaintiff asked him why and Defendant Cooley stated, "Cause I gave you a good evaluation and you can get hired permanent."  Defendant Cooley then stated, "We can go to Georgia, I don't leave no paper trail, we can go to Georgia and use cash for everything and no one will know."  Defendant Cooley was asking Plaintiff for sexual favors. Plaintiff replied, "You are married, I'm not interested in that."  Defendant Cooley replied,

"Well you want to get hired permanent don't you?"  Plaintiff then stated, "I do my job like I am supposed to and get good reviews.  I don't need to go with you to get hired."  Defendant Cooley's response was, "Well I can also make it where you won't get hired."

28.    After Defendant Cooley submitted the favorable evaluation, Plaintiff received an application from Defendant Honda to become a permanent employee.

29.    Defendant Cooley's repeated and continual sexual advances include, but ware not limited to, the following:

> a.    Asking Plaintiff to meet him off the job so that Plaintiff could "repay" him for getting Plaintiff hired, making a quid pro quo demand for sexual favors.
>
> b.    Walking up behind Plaintiff stating, "Mmm I like watching you from behind." Defendant Cooley engaged in this sexually offensive conduct on a weekly and oftentimes daily basis.
>
> c.    Defendant Cooley would continually on a daily and weekly basis walk up behind Plaintiff and rub his body against her and tell Plaintiff how it made him feel.
>
> d.    Defendant Cooley would on a daily or weekly basis come behind Plaintiff and stand within two inches of her body while Plaintiff worked.  There was no legitimate reason for Defendant

Cooley to stand so close to Plaintiff.

30.    Plaintiff rejected Defendant Cooley's advances; however, he did not stop sexually harassing Plaintiff.

31.    In or around December 2014, Plaintiff complained to Brett Kuchinski, Onsite Manager for Elwood Staffing, and Robin Webb from Elwood Staffing about Defendant Cooley's sexual harassment.

32.    Defendant Elwood took no action after Plaintiff complained about Defendant Cooley sexually harassing her and engaged in protected activity.

33.    Defendant Elwood took no action to stop or prevent the sexual harassment and hostile environment Plaintiff was forced to endure.

34.    In or around August or September 2015, Plaintiff called Defendant Honda's compliance line and complained about Defendant Cooley's sexual harassment.

35.    Plaintiff told Defendant Honda that she could no longer tolerate Defendant Cooley's sexual harassment and that Defendant's Cooley's sexually harassing behavior was making her ill.

36.    After Plaintiff's complaints to Defendant Honda, Defendant Cooley began yelling at Plaintiff on a regular basis in the presence of Plaintiff's coworkers.

37.    Shortly after making complaints of sexual harassment to Defendant

Honda's Compliance Line, Plaintiff received a telephone call from a coworker, Chaka Dandridge, informing Plaintiff that she also filed a sexual harassment complaint against Defendant Cooley with Defendant Honda.

38.     Takeisha Swain received unwelcomed sexual advances from Defendant Cooley.

39.     Cynthia Jackson, Plaintiff's coworker, complained to Plaintiff that she received sexually explicit comments from Defendant Cooley and was afraid to complain, as she wanted to be hired permanently by Defendant Honda.

40.     In or around November 2015, Defendant Cooley continued to stand within two inches of Plaintiff's body while Plaintiff worked, yell at Plaintiff, rub up against Plaintiff and sexually harass Plaintiff continuing to cause Plaintiff to have to work in a hostile environment.

41.     Plaintiff continued to reject Defendant Cooley's sexual advances.

42.     Also in or around November 2015, Defendant Cooley gave Plaintiff an unfavorable performance evaluation in retaliation for her complaints of sexual harassment in an effort to have Plaintiff terminated as a non-permanent employee of Defendants Honda and Elwood and to prevent her from becoming a permanent employee of Defendant Honda.

43.     After this unfavorable evaluation and Plaintiff's complaints of sexual harassment, Defendant Honda rescinded its offer to allow Plaintiff to obtain

permanent employment, which was scheduled to begin in February 2016.

44.    Plaintiff was notified of the rescinded offer on the day she was to be interviewed.

45.    Plaintiff was never informed of the result of Defendant Honda's investigation into her complaints of sexual harassment.

46.    In or around January 2016, Plaintiff called Brett Kuchinski and inquired about the results of Defendant Honda's investigation into her complaints of sexual harassment.

47.    Mr. Kuchinski informed Plaintiff for the first time that Defendant Honda claimed it found no evidence of sexual harassment by Defendant Cooley.

48.    Plaintiff later learned that Defendant Honda's Human Resources department disclosed information about Plaintiff's sexual harassment complaint, which was supposed to be confidential, to Plaintiff's coworkers, and this also created a hostile working environment for Plaintiff.

49.    Plaintiff's coworkers negatively talked about Plaintiff and did not want to work with her after they learned she complained.

50.    On or about February 1, 2016, Plaintiff was disciplined and terminated from her employment by Defendant Honda and Defendant Elwood.

51.    Tenniel Beiten, Elwood Staffing's Onsite Supervisor at the Honda plant, was the person that informed Plaintiff she was being disciplined and

terminated.

52.   Plaintiff was falsely accused of taking pictures. Plaintiff took a picture of a note she left for Robin Webb, Elwood Staffing Onsite Supervisor, inquiring about work hours that Plaintiff had not been paid for in December 2015 and January 2016.

53.   Plaintiff was never paid for three hours she worked on January 21, 2016.

54.   Upon filing for unemployment benefits, Plaintiff learned that Elwood Staffing stated Plaintiff had been discharged for insubordination when refusing to sign a written warning, which was false.

55.   After Plaintiff's termination, she also learned of Defendant Honda investigating Defendant Cooley and coworker Jokeitha Forman for being involved in a possible prostitution ring at Defendant Honda's facility.

56.   Defendant Cooley was terminated on or about June 27, 2016.

## V.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

**STATEMENT OF PLAINTIFF'S GENDER, SEXUAL HARASSMENT
AND HOSTILE ENVIRONMENT CLAIMS
AGAINST DEFENDANT HONDA AND DEFENDANT ELWOOD**

57.   Plaintiff adopts and re-alleges paragraphs one (1) through fourteen (14) above as if fully set forth herein.

58.     Defendants Honda and Elwood hired Plaintiff as a non-permanent Process Associate on or about September 13, 2012.

59.     In or around December 2014, Plaintiff was subjected to unwanted and unwelcomed sexual advances and a hostile work environment on a continuing basis by Defendant Quinton Cooley, Defendant Honda's Team Manager.

60.     Defendant Cooley provided Plaintiff with a favorable performance evaluation, which led to Plaintiff receiving an interview to become a permanent employee of Defendant Honda.

61.     When Defendant Cooley provided Plaintiff with the evaluation he said, "You owe me."  Plaintiff asked him what she owed him for and Defendant Cooley stated, "Cause I gave you a good evaluation and you can get hired permanent."  Defendant Cooley then stated, "We can go to George, I don't leave no paper trail, we can go to Georgia and use cash for everything and no one will know."  Plaintiff replied, "You are married, I'm not interested in that."  Defendant Cooley replied, "Well you want to get hired permanent don't you?"  Plaintiff then stated, "I do my job like I am supposed to and get good reviews.  I don't need to go with you to get hired."  Defendant Cooley's response was, "Well I can also make it where you won't get hired."

62.     After Defendant submitted the evaluation, Plaintiff received an application from Defendant Honda to become a permanent employee.

63.     Defendant Cooley's continued and ongoing sexual advances include, but are not limited to, the following:

a.     Asking Plaintiff to meet him off the job so that Plaintiff could "repay" him for getting Plaintiff hired.

b.     Walking up behind Plaintiff stating, "Mmm I like watching you from behind." Defendant Cooley engaged in this sexually offensive conduct on a weekly and oftentimes daily basis.

c.     Defendant Cooley would continually on a daily and weekly basis walk up behind Plaintiff and rub his body against her and tell Plaintiff how it made him feel.

d.     Defendant Cooley would on a daily or weekly basis come behind Plaintiff and stand within two inches of her body while Plaintiff worked.  There was no legitimate reason for Defendant Cooley to stand so close to Plaintiff.

64.      Plaintiff rejected Defendant Cooley's advances; however, he did not stop sexually harassing Plaintiff. Cooley also gave Plaintiff a bad evaluation after she rejected his sexual advances and this cause Plaintiff to be denied permanent employment with Defendant Honda.

65.     In or around December 2014, Plaintiff complained to Brett Kuchinski, Onsite Manager for Elwood Staffing, and Robin Webb, Elwood Staffing about

Defendant Cooley's sexual harassment.

66.     Nothing was done after Plaintiff's complaints of sexual harassment by Defendant Cooley and the sexual harassment continued.

67.     In or around August or September 2015, Plaintiff called Defendant Honda's compliance line and complained about Defendant Cooley's sexual harassment.

68.     Plaintiff told Defendant Honda that she could no longer tolerate Defendant Cooley's sexual harassment and that Defendant's Cooley's sexually harassing behavior was making her ill.

69.     Subsequent to Plaintiff's complaint to Defendant Honda, Defendant Cooley began yelling at Plaintiff on a regular basis in the presence of Plaintiff's coworkers.

70.     Shortly after making complaints of sexual harassment to Defendant Honda's Compliance Line, Plaintiff received a telephone call from a coworker, Chaka Dandridge, who stated she also filed a sexual harassment complaint against Defendant Cooley with Defendant Honda.

71.     Takeisha Swain received unwelcomed sexual advances from Defendant Cooley.

72.     Cynthia Jackson, Plaintiff's coworker complained to Plaintiff that she received sexually explicit comments from Defendant Cooley and was afraid to

complain, as she wanted to be hired permanently by Defendant Honda.

73.    In or around November 2015, Defendant Cooley continued to sexually harass Plaintiff and create a hostile work environment and he would touch Plaintiff in an unwelcome manner, make sexual noises, and stand within two inches of Plaintiff's body while Plaintiff worked.

74.    Plaintiff was never informed of the result of Defendant Honda's investigation into her complaints of sexual harassment.

75.    In or around January 2016, Plaintiff called Brett Kuchinski and inquired about the results of Defendant Honda's investigation into her complaints of sexual harassment.

76.    Plaintiff later learned that Defendant Honda's Human Resources department disclosed information about Plaintiff's sexual harassment complaint to Plaintiff's coworkers, which created a hostile work environment.

77.    Plaintiff's coworkers negatively talked about Plaintiff and did not want to work with her.

78.    Plaintiff was terminated on February 1, 2016, and after Plaintiff's termination, she learned of Defendant Honda engaging into an investigation of Defendant Cooley and coworker Jokeitha Forman being involved in a possible prostitution ring at Defendant Honda's facility.

79.    Defendant Cooley was terminated on or about June 27, 2016.

80.     Based on the facts set forth herein, while Plaintiff was employed by Defendants Honda and Elwood, she was harassed because of her gender, sexually harassed, forced to endure a sexually hostile environment, unjustly reprimanded because of her gender, and terminated because of her gender.

81.     In taking the above-described actions, Defendants Honda and Elwood intentionally discriminated against Plaintiff on the basis of her gender, in violation of Title VII. Specifically, Defendants condoned and tolerated sexual harassment. Defendants' actions created, nurtured, tolerated, condoned, or otherwise permitted a sexually hostile environment in violation of Title VII.

82.     The actions of Defendants Honda and Elwood, through its agents, were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

83.     Plaintiff has been discriminated against by Defendants Honda and Elwood in the terms, conditions and privileges of her employment through the creation and toleration of a sexually charged and hostile work environment.

84.     The Plaintiff has been subject to a sexually hostile work environment which has been authorized, ratified, encouraged and condoned by Defendants Honda and Elwood. This sexually hostile environment includes, but is not limited to, gender slurs, sexual comments, sexual harassment, gender stereotypes, and other disparate treatment by which women are treated as inferior, as set out in

detail above.

85.    The sexually hostile environment changed the terms and conditions of the employment of the Plaintiff.

86.    Supervisors and/or management officials at Defendants Honda and Elwood participated in, were aware of, encouraged, and/or condoned the sexually hostile work environment.

87.    Defendants Honda and Elwood failed to train their employees on purported antidiscrimination and harassment policy and reporting procedures.

88.    The dissemination of any anti-discrimination policy and reporting procedures has been ineffective.

89.    The Plaintiff has been directly affected by the sexually discriminatory and harassing practices described in this Complaint.

90.    The Plaintiff made good faith complaints in opposition to the sexual discrimination and sexual harassment to which she was subjected.

91.    The conduct of the Defendants Honda and Elwood was so severe and/or pervasive as to create a sexually hostile working environment for the Plaintiff.

92.    Defendants Honda and Elwood knew, or should have known, of the sexual harassment, sexual discrimination, and retaliation of the Plaintiff.

93.    Defendants Honda and Elwood failed to take any prompt and effective

action reasonably calculated to result in the prevention of and/or remedy of the sexual harassment, sexual discrimination and/or retaliation of the Plaintiff.

94.    The actions of Defendants Honda and Elwood, as set out herein, violate Title VII.

95.    Female employees are subjected to harassing and discriminatory terms and conditions of employment and Defendants Honda and Elwood have a habit and/or practice of harassing female employees and discriminating against women and/or allowing or condoning the sexual harassment of female employees and hostile work environment.

96.    As a result of the actions of Defendants Honda and Elwood in violation of Title VII, the Plaintiff has been and continue to be injured, suffering distress, humiliation, loss of prestige, mental anguish, emotional pain and suffering and monetary and economic losses. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, reinstatement, injunctive relief, and declaratory judgment is only means of securing adequate relief.

97.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants Honda and Elwood's unlawful policies and practices set forth herein unless enjoined by this Court.

98.     The Plaintiff has satisfied all administrative perquisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Civil Rights Act of 1964, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendants, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at the Defendant's request from violating the Civil Rights Act of 1964, as amended;

c.      Grant Plaintiff an Order requiring the Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interests, attorney fees, expenses, costs and reinstatement; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

## PLAINTIFF'S CLAIMS OF RETALAITION
## AGAINST DEFENDANT HONDA AND DEFENDANT ELWOOD

99.    Plaintiff adopts and re-alleges paragraphs one (1) through fourteen (14) above as if fully set forth herein.

100.   Plaintiff complained to Defendants Honda and Elwood that Defendant Cooley was sexually harassing her in the workplace.

101.   After Plaintiff complained to Defendants Honda and Elwood of Defendant Cooley's sexually harassing her, she began to be yelled at by Defendant Cooley, given unfavorable evaluations by Defendant Cooley, unjustly disciplined, denied a permanent position with Defendant Honda and terminated.

102.   Plaintiff was given a good evaluation by Defendant Cooley and Cooley requested sexual favors from Plaintiff.

103.   After Plaintiff rejected Cooley's sexual advances, Cooley began retaliating against Plaintiff.

104.   After Plaintiff rejected Defendant Cooley's sexual advances Cooley unjustly gave Plaintiff a bad evaluation and this cause Plaintiff to be denied a permanent position with Defendant Honda.

105.   Plaintiff was also unjustly written up, disciplined and terminated from her employment at Defendants Honda and Elwood.

106.   Elwood Staffing told Plaintiff she was being terminated because she was taking pictures with her phone of the facility, however this was not true.

107.   Plaintiff previously complained about being denied pay for hours she

worked. Plaintiff's complaints were never addressed so Plaintiff took a picture of a note she left for Robin Webb, Elwood Staffing Onsite Supervisor, inquiring about her unpaid work hours for in December 2015 and January 2016.

108.  The poor evaluation Plaintiff received and denying Plaintiff a permanent position at Honda, would dissuade a reasonable person from engaging in protected activity.

109.  Defendants Honda, Elwood and Cooley are believed to have input in the decision to deny Plaintiff a permanent position, the unjust discipline Plaintiff received, Plaintiff's bad evaluation, and Plaintiff's termination.

110.  Defendants Honda and Elwood retaliated against Plaintiff for complaining of sexual harassment and engaging in protected activity by giving Plaintiff a bad evaluation, unjustly disciplining Plaintiff, denying Plaintiff a permanent position of employment, harassing Plaintiff, and terminating her employment.

111.  Plaintiff engaged in protected activity and, as a direct result of Plaintiff's complaints, Plaintiff was subjected to retaliatory acts and adverse actions, including, but not limited to: Plaintiff was denied permanent employment; Plaintiff was written up; Plaintiff was unjustly disciplined; Plaintiff was harassed; and Plaintiff was terminated.

112.  There is a causal link between Plaintiff engaging in protected activity

and the adverse actions she suffered.

113.   Defendants Honda and Elwood retaliated against Plaintiff in violation of the Civil Rights Act of 1964, as amended.

114.   Plaintiff has suffered damage as a result of the retaliation described above.

115.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, reinstatement, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.   Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Civil Rights Act of 1964, as amended;

b.   Grant Plaintiff a permanent injunction enjoining Defendants, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at the Defendants' request from violating the Civil Rights Act of

1964, as amended;

      c.    Grant Plaintiff an Order requiring the Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), reinstatement, punitive damages, interests, attorney fees, expenses, costs; and

      d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**COUNT THREE**

**ASSAULT AND BATTERY AGAINST DEFENDANT HONDA AND
DEFENDANT QUINTON COOLEY**

116.   Plaintiff adopts and realleges the allegations of paragraph one (1) through one fifty-six (56) as if fully set forth herein.

117.   Defendants Honda and Cooley subjected Plaintiff to the threat of offensive and unwanted touching.

118.   Defendants Honda and Cooley subjected Plaintiff to offensive and unwanted touching.

119.   Defendant Cooley supervised Plaintiff and was employed by Defendant Honda. Defendant Cooley repeatedly rubbed up against Plaintiff in a sexual manner and stood within two inches of Plaintiff in a threatening and sexually offensive manner

120.   Defendants' conduct offended and embarrassed Plaintiff.

121.   Defendant Cooley's actions toward Plaintiff were taken while he was acting in his role as Plaintiff's supervisor.

122.   Defendant Honda was aware of Cooley's illegal conduct and ratified, condoned, and permitted Defendant Cooley's conduct.

123.   Plaintiff complained to Defendant Honda about Cooley's unwanted touching and assault, but Honda took no action to stop or prevent Cooley's illegal assault on Plaintiff. As a result, Plaintiff continued to be assaulted by Cooley.

124.   Defendant Honda is liable for the conduct of Defendant Cooley.

125.   Defendants Honda and Cooley injured Plaintiff.

126.   Plaintiff's claims based on the statutory and common law of the State of Alabama arise out of the same facts and incidents, which are set forth herein and are the subject of the Plaintiff's claims based upon Federal Law and are within the pendent jurisdiction of this Court.

127.   Defendants Honda and Cooley engaged in a pattern and/or habit of conduct that constituted assault and battery.

128.   As a consequence of the actions of Defendants Honda and Cooley, Plaintiff experienced physical injury, pain and suffering, mental anguish and other damages.

129.   By reason of each and every act of Defendants Honda and Cooley, Plaintiff was subjected to assault and battery, causing irreparable damage to

Plaintiff by causing Plaintiff to suffer physical distress and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Defendants Honda and Cooley for an award of compensatory and punitive damages as deemed just by a struck jury, plus court costs, interest, attorney fees, and any and all relief to which she may be entitled.

## COUNT FOUR

### INVASION OF PRIVACY CLAIMS AGAINST DEFENDANT HONDA AND DEFENDANT QUINTON COOLEY

130.   Plaintiff adopts and realleges the allegations of paragraph one (1) through fifty-six  (56) as if fully set forth herein.

131.  Defendants Cooley and Honda invaded Plaintiff's privacy by subjecting her to offensive and unwanted sexual overtures, requests for sexual favors, and making inquiries into her sex life.

132.   Defendants' conduct offended and embarrassed Plaintiff.

133.   Defendant Cooley's actions toward Plaintiff were taken while he was acting in his role as Plaintiff's supervisor.

134.   Defendant Honda ratified and permitted Defendant Cooley's conduct.

135.   Defendant Honda is liable for the conduct of Defendant Cooley.

126.   Defendants Honda and Cooley injured Plaintiff.

137.   Plaintiff's claims based on the statutory and common law of the State of Alabama arise out of the same facts and incidents, which are set forth herein and are the subject of the Plaintiff's claims based upon Federal Law and are within the pendent jurisdiction of this Court.

138.   Defendants Honda and Cooley engaged in a pattern and/or habit of conduct that constituted sexual harassment and created a hostile environment and invaded the privacy of the Plaintiff.

139.   As a consequence of the actions of Defendants Honda and Cooley, causing Plaintiff's privacy to be invaded, Plaintiff has suffered mental anguish and physical injury.

140.   Defendant Cooley, male employee of Defendant Honda, made statements to and undertook actions toward Plaintiff of a sexual, intimate and personal nature that were objectionable and intrusive. The conduct toward Plaintiff was continuous, crude, offensive, intrusive, objectionable, prying and constituted an objectionable intrusion into Plaintiff's private affairs or concerns.

141.   The actions of Defendants Honda and Cooley constitute a wrongful intrusion upon the solitude and/or seclusion of Plaintiff in such a manner as to outrage and/or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

142.   By reason of each and every act of Defendants Honda and Cooley,

Plaintiff was subjected to invasion of privacy, causing irreparable damage to Plaintiff by causing Plaintiff to suffer physical distress and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Defendants Honda and Cooley for an award of compensatory and punitive damages as deemed just by a struck jury, plus court costs, interest, attorney fees, and any and all relief to which she may be entitled.

## COUNT FIVE

### NEGLIGENT HIRING, SUPERVISION, TRAINING & NEGLIGENT RETENTION CLAIMS AGAINST DEFENDANT HONDA AND DEFENDANT ELWOOD

143.   Plaintiff adopts and realleges the allegations of paragraphs one (1) through fifty-six (56) as if fully set forth herein.

144.   Defendants Honda and Elwood had a duty to provide a reasonably safe, non-hostile and non-discriminatory work environment to its employees, including Plaintiff.

145.   Defendants Honda and Elwood knew, or should have known, of the illegal  and offensive conduct of Defendant Cooley.

146.   Plaintiff complained to both Defendant Honda and Defendant Elwood about Defendant Cooley's sexually offensive and harassing conduct, having to work in a hostile environment, and Cooley's retaliatory conduct.

147.   Defendant Honda negligently supervised, trained and/or retained Defendant Cooley.

148.   Defendant Honda maliciously, deliberately, wantonly and/or negligently retained employees who engaged in tortious and/or illegal conduct, including, but not limited to, Defendant Cooley.

149.   Defendants Honda and Elwood failed to protect employees, such as Plaintiff, from the tortious treatment described in this Complaint.

150.   Defendant Honda failed to train employees regarding sexual harassment, hostile environment and retaliation.

151.   Defendant Elwood failed to train employees regarding sexual harassment, hostile environment and retaliation.

152.   As a result of the failure to train, supervise and inaction by Defendants Honda and Elwood, Plaintiff was injured.

153.   Plaintiff's claims based on statutory and common law of the State of Alabama arise out of the same facts and incidents, which are set forth herein and are the subject of the Plaintiff's claims based upon Federal Law and are within the pendent jurisdiction of this Court.

154.   Defendant Honda negligently hired, trained, supervised and retained male employee who subjected Plaintiff and other females to sexual harassment, a sexually hostile environment, invasion of privacy, and outrage.  As a result of such,

Plaintiff was caused to be sexually harassed, forced to endure a hostile environment, have her privacy invaded and to suffer outrage, mental anguish, shame, embarrassment and humiliation.

155.   Defendants Honda and Elwood knew, or clearly should have known, of the male employee's unfitness for his position and the feasibility of his continuance to sexually harass Plaintiff and invade Plaintiff's privacy.  Defendants Honda and Elwood failed to take steps to prevent male employees from sexually harassing the Plaintiff.  Defendants Honda and Elwood ratified, authorized and/or condoned the actions of its male employee who sexually harassed the Plaintiff and subjected her to a hostile environment.

156.   Plaintiff avers that Defendant Honda is guilty of the negligent hiring, training, supervision and negligent retention of male employees.  As a result of the illegal conduct of Defendant, Plaintiff has suffered financially, physically and emotionally.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff demands judgment against Defendants Honda and Cooley for an award of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorney fees, and any and all relief to which she may be entitled.

**COUNT SIX**

## TORT OF OUTRAGE CLAIMS AGAINST DEFENDANTS HONDA, ELWOOD AND QUINTON COOLEY

157.   Plaintiff adopts and realleges the allegations of paragraphs one (1) through fifty-six (56) as if fully set forth herein.

158.   Defendants Honda, Elwood and Cooley acted intentionally to inflict emotional distress on Plaintiff.

159.   Defendant Cooley's actions toward Plaintiff were taken while he was acting in his role as Plaintiff's supervisor.

160.   Defendants Honda and Elwood ratified and permitted Defendant Cooley's conduct.

161.   Defendant Honda is liable for the conduct of Defendant Cooley.

162.   Defendants Honda, Elwood and Cooley injured Plaintiff.

163.   This claim is brought against Defendants Honda, Elwood and Cooley for engaging in such outrageous conduct.

164.   Defendants outrageously and intentionally inflicted emotional distress upon Plaintiff by allowing and continuing to allow Plaintiff to be repeatedly subjected to sexually abusive, harmful, and hurtful comments, offensive sexual comments, unwelcome sexual advances, while Plaintiff attempted to carry out her job duties.

165.   Defendants ratified and/or condoned the actions of its male

employees, which amounted to the tort of outrage. Defendant Honda's male employee Cooley engaged in sexually offensive conduct, assault and battery, which amounted to the tort of outrage.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff demands judgment against Defendants Honda and Cooley for an award of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorney fees, and any and all relief to which she may be entitled.

**COUNT SEVEN**

**INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP CLAIM AGAINST DEFENDANTS HONDA AND QUINTON COOLEY**

166.   Plaintiff adopts and realleges the allegations of paragraphs one (1) through fifty-six (56) as if fully set forth herein.

167.   Defendant Cooley intentionally interfered with the contractual relationship between Plaintiff and Defendants Elwood and Honda, by giving Plaintiff an unjust bad evaluation that caused Plaintiff to be denied permanent employment with Honda and having input in or causing Plaintiff's termination.

168.   Defendant Honda intentionally interfered with Plaintiff's contractual relationship with Elwood by having input in or causing Plaintiff to be unjustly disciplined and terminated.

30

169.   Defendant Honda is responsible for the actions of its agent, Defendant Cooley.

170.   Defendant Cooley injured Plaintiff by interfering with Plaintiff's contractual relationship with Honda causing Plaintiff to be denied employment.

171.   Defendant Honda interfered with Plaintiff's contractual relationship with Elwood Staffing by causing Plaintiff to be denied employment.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Defendants Honda and Cooley for an award of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorney fees, and any and all relief to which she may be entitled.

## PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY

/s/ Cynthia Forman Wilkinson
CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
215 North Richard Arrington, Jr. Blvd.
Suite 301
Birmingham, Alabama 35203
Tel: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

/s/Heather Newsom Leonard
HEATHER NEWSOM LEONARD
State Bar ID No.: ASB-1152-O61H
Attorney for Plaintiff

**OF COUNSEL:**

**HEATHER LEONARD, PC**
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
Tel: (205) 977-5421
Fax: (205) 278-1400
E-mail: Heather@HeatherLeonardPC.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2018   , I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following:

Lisa Karen Atkins, Esq.
M. Tae Phillips, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.c.
420 20th Street North, Suite 1900
Birmingham, AL  35203

W. Lee Sims, Esq.
Thornton, Carpenter, O'Brien, Lawrence & Sims
P.O. Drawer 277
Talladega, AL 35161

David J. Middlebrooks, Esq.
Lehr Middlebrooks Vreeland & Thompson, PC
P.O. Box 11945
Birmingham, AL 35202-1945

And mailed a copy of the foregoing, via U.S. Mail, first-class postage prepaid to:  None.

/s/ Cynthia Wilkinson
OF COUNSEL